EDWIN S. DARRELL AND JOHN SARAFIN, PLAINTIFFS-APPELLANTS, v. GOVERNING BODY OF THE TOWNSHIP OF CLARK; EXXON CORPORATION; BOARD OF ADJUSTMENT OF THE TOWNSHIP OF CLARK: JOSEPH SWEENEY, BUILDING INSPECTOR OF THE TOWNSHIP OF CLARK, DEFENDANTS-RESPONDENTS.

Argued March 3, 1980—Decided April 14, 1980.

*Paul R. Williams, Jr.,* argued the cause for appellants (*Williams & Flynn,* attorneys).

*Arnold M. Smith* argued the cause for respondent Exxon Corporation.

*John Pisansky* argued the cause for respondent Board of Adjustment of the Township of Clark (*Magner, Abraham, Orlando, Kahn & Pisansky,* attorneys).

*Joseph J. Triarsi* argued the cause for respondents Governing Body of the Township of Clark and Joseph Sweeney (*Pisano* and *Triarsi,* attorneys).

PER CURIAM.

The judgment of the Appellate Division is affirmed substantially for the reasons expressed in its opinion reported at 169 *N.J.Super.* 127 (1978). For the guidance of the bench and bar we add the following comments.

This matter, brought under the old Municipal Planning Act, *N.J.S.A.* 40:55-1 *et seq.*, involved the grant of a variance from a special exception condition contained in a municipal zoning ordinance. The new Municipal Land Use Law (Law), *N.J.S.A.* 40:55D-1 *et seq.*, now defines a special exception as a conditional use. *N.J.S.A.* 40:55D-3. Under Article 8 of the Law, conditional uses are granted by a planning board rather than by a board of adjustment. *N.J.S.A.* 40:55D-67. However, the Law vests a board of adjustment with the power to grant variances. *N.J.S.A.* 40:55D-70. By *L.*1979, *c.* 216, subsection (d) of *N.J.S.A.* 40:55D-70 was amended to provide for the grant of a variance "to allow departure from regulations pursuant to Article 8 of this act, including, but not limited to, allowing a structure or use in a district restricted against such structure or use." The statement attached to the Bill enacted as *L.*1979, *c.* 216, sets forth that the amendment to subsection (d) was made to "require that any variance for a conditional use be processed as a 'd' (special reasons) variance." It is clear, therefore, that under the Municipal Land Use Law a board of adjustment would have the power to grant a variance in the situation here presented.

*For affirmance*—Justices SULLIVAN, PASHMAN, SCHREIBER, HANDLER and POLLOCK—5.

*For reversal*—None.